**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00368-NYW-RTG

CSMN OPERATIONS LLC, et al.,

Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY, et al.,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on the Parties' Joint Status Report re: Severance. [Doc. 120]. In the Court's Minute Order of September 10, 2026, the Court concluded that severance is appropriate and stated that it intends to sever all ERISA benefits claims into individual actions, leaving only the MHPAEA claims in this case.[1] [Doc. 116 at 4]. In anticipation of that order, the Court ordered the Parties to submit a joint status report. The Parties have complied. The Court now addresses severance and several related issues.

## I. Disagreement Regarding Patients 3, 5, 10, 18, 20, 24, and 28

The Court begins with the Parties' area of disagreement. The Parties dispute whether Plaintiffs CSMN Operations LLC ("CSMN"), CSMN Operations II LLC ("CSMN II"), and Edwards Medical Provider Group LLC ("Edwards") (together, "Provider Plaintiffs") may assert claims on behalf of Patients 3, 5, 10, 18, 20, 24, and 28. [Doc. 120 at 4–5].

In the Court's Order on Motions to Dismiss ("Order"), the Court considered Defendants' challenge to the Provider Plaintiffs' statutory standing to sue on behalf of unnamed individual patients. *See generally* [Doc. 79]. For certain patients, the Court concluded that unambiguous anti-assignment provisions in the respective plan documents precluded the patients from assigning their right to sue to the Provider Plaintiffs. [*Id.* at 10–15]. The Provider Plaintiffs maintained that, notwithstanding any anti-assignment provisions, they had plausibly alleged that Defendant Aetna Life Insurance Company ("Aetna") had impliedly waived these provisions. [*Id.* at 18]. The Court disagreed. Because the Provider Plaintiffs failed to adequately allege waiver, the

[1] "ERISA" refers to the Employee Retirement Income Security Act of 1974. "MHPAEA" refers to the Mental Health Parity and Addiction Equity Act of 2008.

Court dismissed the Provider Plaintiffs' claims for these patients—including Patients 3, 5, 10, 18, 20, 24, and 28. [*Id.* at 22–24, 36].

With the Provider Plaintiffs' claims dismissed, the Court turned to whether the individual patients could continue to bring their own claims. The Court found that the patients were the real parties in interest for these claims, but that they needed to be named in the operative complaint in order to prosecute their claims. [*Id.* at 30–31]. However, the Court recognized that Rule 17(a)(3) does not permit a court to "dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); [Doc. 79 at 31]. The Court found that the most efficient procedure to extend the patients an opportunity to join this lawsuit was to dismiss their claims without prejudice and with leave to amend. [Doc. 79 at 31–32].

The Order was unequivocal that the leave to amend was limited to individual patients joining the lawsuit under their real name. The scope of amendment for the Third Amended Complaint was only for "some or all of these Patients [to] join, ratify, or substitute into this action." [*Id.* at 32, 36]. "No other amendments to the Second Amended Complaint are permitted without consent of the Parties or by order of the Court, after a formal motion for leave to amend." [*Id.* at 36].

In short, the state of the case after the Order was that (1) the Provider Plaintiffs' claims on behalf of Patients 3, 5, 10, 18, 20, 24, and 28 (among other patients) were dismissed; (2) Plaintiffs were permitted a limited amendment to add these patients into the case in their real names; and (3) no further amendment would be permitted without Defendants' consent or leave of court.

Plaintiffs now contend that the "pre-litigation record" has revealed facts that might have altered the Court's waiver analysis and thus secured their statutory standing. [Doc. 120 at 5]. That is beside the point. To the extent the Provider Plaintiffs hoped to revive their dismissed claims in the Third Amended Complaint, the Court's Order required them to obtain Defendants' consent or seek leave to amend through a formal motion. [Doc. 79 at 36]. Having done neither, they cannot assert claims on behalf of these patients. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir.1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."). And for avoidance of doubt, because Patients 3, 5, 10, 18, 20, 24, and 28 have not joined, ratified, or substituted into the case as the real parties in interest, the claims for these patients remain **DISMISSED without prejudice**. *See Ostin v. State Farm Fire & Cas. Co.*, 2021 WL 1087715, at *4 (D. Colo. Mar. 22, 2021) ("Ordinarily, a dismissal because the plaintiff is not the real party in interest is without prejudice." (citing *Ronsick v. Phariss*, 286 F.2d 316, 318 (10th Cir. 1960)).

## II. Other Dismissed Patients

As the Joint Status Report indicates, the claims for several other patients have been or should be dismissed. First, the Parties agree that the claims for Patients 38, 40, 41, and 42 have been dismissed. [Doc. 120 at 3]; *see* [Doc. 73; Doc. 79 at 35]. Second, in response to the Court's show-cause order, [Doc. 116 at 5], the Parties agree that the claims against Defendant AlaskaCare Defined Benefits Plan (Patient 17) should be dismissed without prejudice for failure to serve, [Doc. 120 at 3]; Fed. R. Civ. P. 4(m). All claims against Defendant AlaskaCare Defined Benefits Plan are **DISMISSED without prejudice**.

Third, the Parties "agree and stipulate" that "[a]ll claims alleged against Aetna for Patient 39 should be dismissed with prejudice." [Doc. 120 at 3–4]; *see also* [Doc. 120-1 at 4 ("Per Status Report, Patient 39 and all claims should be dismissed with prejudice.")]. The Court construes the Joint Status Report—which is signed by both Parties—as a self-effectuating stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). All claims related to Patient 39 are **DISMISSED with prejudice**.

## III. Severance

The Court will sever the case in accordance with the prior Minute Order and the chart prepared by the Parties. *See* [Doc. 120-1].

### A. MHPAEA Claims

The MHPAEA claims will remain in this case. *See* [Doc. 120-1 at 1]. The remaining Plaintiffs will be:

- John Hamm (Patient 8),
- Nicholas Linton (Patient 14),
- Zachary Martin (Patient 16),
- Ashley Sagraves (Patient 22),
- Connor Schmitt (Patient 25),
- Sarah Shriver (Patient 27),
- Perry Snavely (Patient 29),
- Michelle Taylor (Patient 31),
- Cynthia Thomas (Patient 32),
- Ashley Turnquist (Patient 34), and
- Tiffani Wolfe (Patient 37).

The remaining Defendants will be:

- Aetna Life Insurance Company,
- Boston Consulting Group, Inc. Welfare Benefits Plan.,
- CSX Corporation Medical, Dental, and Vision Plan,
- IAC Inc. Health and Welfare Benefit Plan,

- Holthouse, Carlin and Van Trigt, LLP Welfare Benefit Plan,
- SAP America Health and Welfare Plan, and
- Carvana LLC Health and Welfare Plan.

All other Parties shall be **TERMINATED** from this case. The Court notes the Parties' request that consideration of the MHPAEA claims in this case be deferred until the Court has ruled on these patients' ERISA claims. [Doc. 120 at 4]. The Court intends to work with the Parties to fashion a master schedule for resolving the severed cases and will set a Status Conference to address these matters.

### B. ERISA Benefits Claims

Plaintiffs' ERISA benefits claims shall be **SEVERED** into separate cases in accordance with the following chart. If the Plaintiff is a Provider Plaintiff, the corresponding numbered patient shall be listed on the electronic docket as an "Interested Party."

| Plaintiff | Defendant(s) | Interested Party |
|---|---|---|
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 1 |
| CSMN Operations LLC | Aetna Life Insurance Company; Havas North America Welfare Benefit Plan | Patient 2 |
| CSMN Operations LLC | Aetna Life Insurance Company; Verint Systems Inc. Comprehensive Welfare Benefit Plan | Patient 4 |
| CSMN Operations LLC | Aetna Life Insurance Company; Virtu Financial operating LLC Health Plan | Patient 6 |
| CSMN Operations LLC | Aetna Life Insurance Company; Dell Inc. Retiree Medical Plan | Patient 7 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 8[2] |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 9 |
| CSMN Operations LLC | Aetna Life Insurance Company; Quest Diagnostics Group Welfare Plan | Patient 11 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 12 |
| CSMN Operations LLC | Aetna Life Insurance Company; AGMA Health Fund | Patient 13 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 14 |

[2] The Parties' chart lists CSMN as the plaintiff for this case, even though the corresponding patient, John Hamm, has joined the case and will prosecute his MHPAEA claim in his own name. The same is true for Patients 14, 16, 25, 29, 31, 32, 34, and 37. The Court follows the Parties' chart and will only order that CSMN be listed as the plaintiff for these cases. The Court recognizes, however, that the Parties have indicated that the assignments of benefits for some of these patients remain disputed. At the upcoming Status Conference, the Parties should be prepared to address whether these named patients should be added as plaintiffs to their respective ERISA cases.

| | | |
|---|---|---|
| CSMN Operations LLC | Aetna Life Insurance Company; Mason Tender's District Council Welfare Fund Plan | Patient 15 |
| CSMN Operations LLC | Aetna Life Insurance Company; Boston Consulting Group, Inc. Welfare Benefits Plan | Patient 16 |
| CSMN Operations LLC | Aetna Life Insurance Company; Truist Financial Health Plan | Patient 19 |
| CSMN Operations LLC | Aetna Life Insurance Company; Syneos Health Employee Welfare Plan | Patient 21 |
| Ashley Sagraves (Patient 22) | Aetna Life Insurance Company; CSX Corporation Medical, Dental, and Vision Plan | n/a |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 23 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 25 |
| CSMN Operations LLC | Aetna Life Insurance Company; Teladoc Health Inc. Health and Welfare Benefit Plan | Patient 26 |
| Sarah Shriver (Patient 27) | Aetna Life Insurance Company; IAC Inc. Health and Welfare Benefit Plan | n/a |
| CSMN Operations LLC | Aetna Life Insurance Company; Holthouse, Carlin and Van Trigt, LLP Welfare Benefit Plan | Patient 29 |
| CSMN Operations LLC | Aetna Life Insurance Company; Deloitte LLP Group Insurance Plan | Patient 30 |
| CSMN Operations LLC | Aetna Life Insurance Company; SAP America Health and Welfare Plan | Patient 31 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 32 |
| CSMN Operations LLC | Aetna Life Insurance Company; Stanford Health Care Employee Health and Welfare Benefit Plan | Patient 33 |
| CSMN Operations LLC | Aetna Life Insurance Company; Carvana LLC Health and Welfare Plan | Patient 34 |
| CSMN Operations LLC | Aetna Life Insurance Company; Alaska Electrical Health and Welfare Plan | Patient 35 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 36 |
| CSMN Operations LLC | Aetna Life Insurance Company | Patient 37 |

For these reasons, **IT IS ORDERED** that:

(1) All claims related to Patients 3, 5, 10, 18, 20, 24, and 28 remain **DISMISSED without prejudice** for failure to join the real parties in interest;

(2) All claims against Defendant AlaskaCare Defined Benefits Plan are **DISMISSED without prejudice** for failure to serve;

(3) All claims related to Patient 39 are **DISMISSED with prejudice**;

(4) Plaintiffs' ERISA benefits claims are **SEVERED** as set forth herein;

(5) The Clerk of Court shall open new civil actions for the severed cases, and the filing fee for those civil actions is waived; and

(6) A Telephonic Status Conference is **SET** for **October 21, 2026, at 10:00 a.m.** to discuss preparation of a master schedule for resolving all severed cases. Counsel for the Parties shall participate using the following dial-in information: **571-353-2301; Access Code: 783456374**.

DATED: October 6, 2026